ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| RJ AUTOMOTIVE ENTERPRISES, INC. Recurrida v. AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO Y OTROS Peticionarias | KLCE202500415 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo Caso Número: AR2021CV01778 Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de mayo de 2025.

Comparecen la Autoridad de Acueductos y Alcantarillados ("AAA") y MAPFRE PRAICO Insurance Company ("MAPFRE") (en conjunto, "Peticionarias") mediante *Petición de Certiorari* y solicitan que revisemos la *Resolución y Orden* emitida el 14 de marzo de 2025 y notificada el 17 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI"). Mediante el referido dictamen, el TPI denegó, por prematura, la solicitud instada por las peticionarias, con la intención de eliminar el testimonio del perito de RJ Automotive Enterprises, Inc. ("RJ Automotive" o "Recurrida").

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

**I.**

El 8 de diciembre de 2021, RJ Automotive instó una *Demanda* en daños y perjuicios en contra de la AAA y MAPFRE, cuyos detalles de la misma no son necesarios pormenorizar. Tras varias instancias procesales, el 30 de enero de 2024, RJ Automotive le notificó a la AAA y MAPFRE el

informe pericial, sobre daños económicos, rendido por el contable Errizont Dorville Tamayo. Consecuentemente, el 16 de mayo de 2024, la parte peticionaria le solicitó al perito de la parte recurrida que produjera una serie de documentos. El 27 de junio de 2024, RJ Automotive anunció haberle enviado a la AAA y MAPFRE un disco compacto con los referidos documentos.

El 10 de febrero de 2025, las peticionarias instaron una *Moción urgente en Solicitud de eliminación de prueba pericial, testifical y documental*. La AAA y MAPFRE alegaron que el disco compacto suministrado por RJ Automotive no contenía la totalidad de los documentos requeridos. La parte peticionaria señaló que, en repetidas ocasiones, le había solicitado a RJ Automotive la producción de varios documentos mencionados por el contable Errizont Dorville Tamayo. Sin embargo, arguyeron que, al momento, no se les habían provisto. De igual manera, las peticionarias sugirieron que el perito carecía del conocimiento especializado necesario que ayudara al foro de instancia a resolver la controversia ante su consideración. Ante ello, solicitaron que se eliminara la prueba pericial, sobre daños económicos, anunciada por la parte recurrida.

El 20 de febrero de 2025, RJ Automotive presentó su *Moción en cumplimiento de Orden y estableciendo posición*. En síntesis, la recurrida expuso que, el valor probatorio del testimonio procesal debía ser adjudicado en juicio y no mediante una moción eliminatoria.

Posteriormente, el 5 de marzo de 2025, se celebró una Vista sobre el Estado de los Procedimientos, en la cual las partes tuvieron la oportunidad de discutir la moción de descalificación presentada por la AAA y MAPFRE. Así la cosas, el 14 de marzo de 2025 el TPI dictaminó una *Resolución y Orden*, notificada el 17 de marzo de 2025. Mediante el referido dictamen, el foro de instancia denegó la solicitud de descalificación instada por las peticionarias, por entender que, en esa etapa de los procedimientos, la misma era prematura.

Inconforme, el 14 de abril de 2025, la AAA y MAPFRE acudieron ante esta Curia mediante *Petición de Certiorari*. Las peticionarias realizaron los siguientes señalamientos de error:

> **Erró el TPI en su apreciación de los hechos y la prueba que le fue presentada y abusó de su discreción al declarar no ha lugar la solicitud de las Peticionarias de que se elimine o no se permita a la parte recurrida la presentación en el juicio de la prueba testifical y documental que le fue solicitada y no fue producida oportunamente durante el descubrimiento de prueba.**

> **Erró el TPI en su apreciación de los hechos y la prueba que le fue presentada y abusó de su discreción al declarar no ha lugar la solicitud de las Peticionarias de que se elimine el testimonio del perito propuesto por la parte recurrida sobre materias o asuntos en los que no hizo evaluación ni aplicación de conocimientos especializados que ayuden al tribunal a evaluar esta reclamación y limitarse a repetir conclusiones o alegaciones de la parte recurrida.**

El 14 de mayo de 2025, la parte recurrida presentó su *Oposición al Recurso*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes

interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para analizar el problema.
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
> D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio,

parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

El descubrimiento de prueba es un mecanismo auxiliar a las alegaciones que facilita la consecución de evidencia y la búsqueda de la verdad, evita las sorpresas en el juicio y perpetúa la prueba; su finalidad es precisar las cuestiones en controversia. *García Rivera et al. v. Enríquez Marín*, 153 DPR 323, 333 (2001). Aunque de ordinario el descubrimiento de prueba ocurre sin intervención del tribunal, los foros primarios gozan de amplia discreción para regularlo. *McNeil Healthcare, LLC v. Mun. de las Piedras*, 206 DPR 659, 672 (2021). Los foros apelativos no debemos intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto. *Íd.*

Así dispuesto, el descubrimiento de prueba debe ser amplio y liberal. *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 490 (2019); *Rivera Alejandro v. Algarín*, 112 DPR 830, 834 (1982). De conformidad con lo anterior, la Regla 23.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 23.1 (a), establece, en lo aquí atinente, que:

> (a) *En general.* Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluso la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, información almacenada electrónicamente, documentos u otros objetos tangibles y la

identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

De la regla precitada surge que el descubrimiento de prueba solo está limitado a dos aspectos: (1) que lo que se pretende descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. *Scotiabank de Puerto Rico v. ZAF Corporation*, supra; *E.L.A. v. Casta*, 162 DPR 1, 9 (2004). Materia privilegiada es aquella que se encuentra dentro del alcance de alguno de los privilegios evidenciarios reconocidos en las Reglas de Evidencia. *Ponce Adv. Med. v. Santiago González*, 197 DPR 891, 899 (2017); *E.L.A. v. Casta*, 162 DPR 1, 10 (2004).

De otra parte, el concepto pertinencia conlleva el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del litigio, aunque no estén relacionados con las controversias específicas que han sido esbozadas en las alegaciones. *García Rivera et al. v. Enríquez Marín, supra*, págs. 333-334. Basta con que exista una posibilidad razonable de relación con el asunto en controversia para que se considere pertinente. *Íd*. Lo anterior quiere decir que, tal cual lo expresa la Regla 23.1 (a) de Procedimiento Civil, el descubrimiento de prueba permite la entrega de materia que sería inadmisible en el juicio, si ésta conduce a prueba admisible. *Íd*.

No obstante, lo anterior no significa que el ámbito del descubrimiento de prueba sea ilimitado. *Alfonso Bru. V. Trane Export, Inc.*, 155 DPR 158 (2001). El concepto pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales, esto es, lograr la solución de las controversias de forma justa, rápida y económica. *Ortiz Rivera v. E.L.A.*, 125 DPR 65, 70 (1989); *General Electric Credit & Leasing of P.R. Inc. v Concessionaires, Inc.*, 118 DPR 32, 40 (1986). Es por ello que, aun cuando la materia objeto del descubrimiento sea pertinente, el tribunal puede emitir órdenes dirigidas a proteger a las partes o terceros

de hostigamiento, perturbación, opresión y gastos o molestias indebidas. *Ortiz Rivera v. E.L.A.*, *supra*, págs. 70-71.

**-C-**

La Regla 702 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 702, dispone que cuando conocimiento científico, técnico o especializado sea de ayuda para la juzgadora o el juzgador poder entender la prueba o determinar un hecho en controversia, una persona testigo capacitada como podrá testificar en forma de opiniones o de otra manera. La necesidad de la prueba pericial radica en la imposibilidad de que un juez, por muy hábil y competente que sea, posea un conocimiento técnico completo sobre una variedad de materias. *San Lorenzo Trad., Inc. v. Hernández*, 114 DPR 704 (1983).

Por su parte, la Regla 703 de Evidencia, *supra*, R. 703, estipula que toda persona está calificada para declarar como testigo pericial si posee especial conocimiento, destreza, experiencia, adiestramiento o instrucción suficiente para calificarla como experta o perita en el asunto sobre el cual habrá de prestar testimonio. No obstante, **las partes podrán presentar prueba para impugnar o sostener la credibilidad del perito y, en consecuencia, del valor probatorio de su testimonio**. (Énfasis suplido). *Íd.*; E. Rivera García, *El Valor del Testimonio Pericial en los Procedimientos Judiciales*, 47 Rev. Jur. UIPR 87, 96 (2013).

Cónsono con lo anterior, **el juez considerará el valor probatorio del testimonio** al amparo de ciertos criterios, entre ellos "[s]i el testimonio está basado en hechos o información suficiente; […] si el testimonio es el producto de principios y métodos confiables; […] las calificaciones o credenciales de la persona testigo". (Énfasis suplido). Regla 703 de Evidencia, *supra*. En otras palabras, **si el perito no le merece credibilidad al juzgador, este puede rechazar su testimonio**. (Énfasis suplido). *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322, 346 (2010), citando a *Pueblo v. Dones*, 56 DPR 211, 222 (1940).

**III.**

Las peticionarias aducen que el foro de instancia incidió al no eliminar el testimonio pericial de la parte recurrida, toda vez que el perito no presentó la documentación solicitada y porque, presuntamente, carece del conocimiento especializado requerido para ser calificado como perito. Luego de examinar el expediente, a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando de la actuación del foro surja un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.

Resulta menester destacar que, conforme a las Reglas de Evidencia, durante el juicio en su fondo la AAA y MAPFRE tendrán plena oportunidad para impugnar la credibilidad del perito de RJ Automotive. Por todo lo cual, no intervendremos en esta etapa de los procedimientos.

**IV.**

Por los fundamentos que antecede, se *deniega* la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones